ELECTRONICALLY FILED
Scott County Circuit Court
Brianna Freeman, Interim Circuit Clerk
2024-Jul-23 13:57:23
64CV-21-142
C15D02 : 15 Pages

IN THE CIRCUIT COURT OF SCOTT COUNTY, ARKANSAS
CIVIL DIVISION

**DAVID TAFF**                                                                                              **PLAINTIFF**

**VS.**                        **CASE NO. 64CV-21-142 Div. II**

**BRIAN DUBUC, JEFFREY MYLES McCASLIN,**
**AND TIMOTHY EDWARD DURHAM**                        **DEFENDANTS**

**PLAINTIFF'S SECOND AMENDED PETITION FOR**
**PRELIMINARY INJUNCTION AND DECLARATORY RELIEF**

COMES NOW the Plaintiff, David Taff, by and through his attorney, Travis Plummer, and for his Second Amended Petition for Preliminary Injunction and Declaratory Relief, states as follows:

1. The Plaintiff is a resident of Scott County, Arkansas. The Plaintiff owns land located in Scott County, Arkansas, that is the subject of this action.

2. Defendants Brian Dubuc (Hereinafter "Dubuc") and Jeffrey Myles McCaslin own land adjacent to the land that is the subject of this action (See Warranty Deed attached hereto as Exhibit A), located in Scott County, Arkansas. Defendant Timothy Edward Durham (Hereinafter "Durham") is a resident of Broken Arrow, Oklahoma. Durham owns an equitable interest via contract for sale, attached hereto as Exhibit B, in lands located in Scott County, Arkansas, that are the subject of this action.

4. This Court has jurisdiction over the parties and subject matter herein, and venue is proper.

3. In 1985, Oliver E. Null and Ruby Null, husband and wife, held unity of title to all lands that are currently involved in this action. A Warranty Deed recorded with the Scott County

Clerk on July 11, 1985, attached hereto as Exhibit C, indicates that the Nulls deeded 2.5 acres to the Plaintiff herein.  Since the Nulls continued in title to the lands surrounding this 2.5 acres to the west, north, and east, with the Poteau River bordering the 2.5 acres to the south, the Nulls also conveyed an easement appurtenant being twelve feet wide and running a distance of 560 feet from the centerline of Waldron-Lake Road, more commonly known as City Lake Road.  This easement is an easement of necessity, as the dominant tenement is completely landlocked.

4.     A survey of 18.96 acres and performed for Tommy Roberson by Joe Pickens dated February 7, 2000, attached hereto as Exhibit D,  depicts the property now in possession of Defendant Durham.  The western-most point on the survey is located where the centerline of City Lake Road intersects with the west side of the dirt road that runs in a south easterly direction.  The boundary of the 18.96 acres depicted in the survey runs the distance of the dirt road on its west side and beyond it to the centerline of the Poteau River.  The dirt road is where the twelve-foot-wide easement, described hereinabove, is located, so the 18.96 acres is the servient estate for the easement.

5.     Defendant Dubuc's property borders the Plaintiff's property to the north, and also borders the dirt road / western boundary of Durham's 18.96 acres for a distance of 210 feet.

6.     Defendant Dubuc is in the employ of Durham as the caretaker of Durham's 18.96 acres.  Dubuc, at the direction of Durham, has removed fencing on the east side of the dirt road where the easement is located, and has marked a new line where he intends to rebuild fencing along the east side of the dirt road where the easement is located.  The proposed fence line encroaches onto the easement, which is twelve feet in width, or six feet in either direction from the center of the dirt road.

7. Defendant Dubuc has also erected a gate at some point along his 210-foot boundary where it borders Defendant Durham's property, and on at least a couple of occasions, has caused the gate to open across the dirt road, effectively blocking the Plaintiff's legal right to use the easement to access his property. On one occasion, Defendant Dubuc also caused a log to lie across the dirt road with the gate also being swung open across the dirt road.

8. The deed provided in Exhibit C, coupled with the survey provided in Exhibit D, illustrate the existence and location of a conveyed easement by necessity or implication across the servient estate owned by Defendant Durham.

9. That since the original filing of this Petition, Plaintiff has spent considerable time and resources maintaining the easement mentioned herein, and that recently, Separate Defendant Dubuc has caused to be removed from the easement approximately five loads of gravel, purchased and placed on the road for maintenance and upkeep purposes, and placed it at various spots on his property.

10. That Plaintiff's responsibility and duty as the owner of the property that is benefited by the easement is to maintain and provide upkeep to said easement.

11. That Separate Defendant Dubuc's actions, removing material used to maintain the easement and provided by the Plaintiff, frustrates the purpose of Plaintiff's exercise of his duty to maintain the easement and constitutes theft, as the materials have been moved onto Separate Defendant Dubuc's property not accessible to the Plaintiff.

12. Plaintiff respectfully requests that this Court order Separate Defendant Dubuc to return the materials to the easement as they were originally intended or to remit payment in the amount of $656.00 representing the cost of the materials as the Plaintiff intends to provide by

proof at the hearing scheduled on May 11, 2023 at 9:30 a.m. at the Scott County Courthouse, 190 West 1st Street, Waldron, AR 72958.

13. The Plaintiff herein respectfully petitions the Court for temporary injunctive relief halting the Defendants' encroachment of the Plaintiff's right to a twelve-foot-wide easement to access his property, and to enjoin the Defendants from blocking the Plaintiff's passage across the easement.

14. The Plaintiff also respectfully petitions the Court for declaratory judgment determining his rights in a twelve-foot-wide easement across Defendant Durham's servient tenement to access the dominant tenement owned by the Plaintiff.

## ADVERSE POSSESSION

15. Plaintiff realleges the allegations set forth in paragraphs one through fourteen and incorporates those allegations herein.

16. That by order of the Court, Plaintiff hereby adds its claim for adverse possession to conform with the evidence as presented at trial.

17. That the Plaintiff has been in possession of a certain piece of real property being described as follows:

> *Beginning at a point where the Northeast corner of Separate Defendant Brian Dubuc's property meets the Southeast corner of the Plaintiff's property thence running East a distance of 25 feet, thence running South to the centerline of the East Fork of the Poteau River, thence along the centerline of the East Fork of the Poteau River in a westerly direction to the Southeast corner of Plaintiff, David Taff's, property, as filed of record. Thence in a northerly direction along the East boundary of Plaintiff, David Taff's, property as filed of record to the place of beginning.*

18. That the Plaintiff's possession of the above-described property has been open, notorious, exclusive, continuous, actual, and hostile for nearly forty (40) years.

19. That the Plaintiff believes that he has paid ad valorem property taxes on said property for a period of almost forty (40) years.

20. That the title to the above-described property should be quieted in the name of the Plaintiff.

21. That no other individual, entity, or organization should have rights in and to said property, and any such rights or claims should be forever barred by this Court.

22. That upon entry of a Decree Confirming and Quieting Title in the Plaintiff to the above-described property, the Plaintiff should have an absolute right to ownership of the property, and any items of personal property belonging to any other person should immediately be removed or be deemed abandoned and shall become personal property of the Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court order and direct Separate Defendant Dubuc to return gravel from his property to the easement as originally provided through the Plaintiff's duty of maintenance of the easement, or in the alternative, remit the amount of $656.00 in compensation for said materials; that the Court issue a temporary injunction enjoining the Defendants from further encroaching upon or blocking the easement owned by the Plaintiff; that the Court allow the Plaintiff to post security for the requested temporary injunctive relief; that the Court provide declaratory relief determining the Plaintiff's absolute rights in the easement in question, and for any other just and proper relief the Court deems necessary.

Respectfully Submitted,

David Taff, Plaintiff

By: _____
Travis Plummer, AR Bar 2019153
The Plummer Firm, PLLC
P.O. Box 175

                          Greenwood, AR 72936
                          Phone: (479) 252-6232
                          Fax:   (479) 668-4783
                          travisplum@theplummerfirm.com

## **CERTIFICATE OF SERVICE**

I, Travis Plummer, do hereby certify that on the 23rd day of July, 2024, a true and correct copy of the foregoing pleading was sent via electronic communication to:

Brian Dubuc
541 City Lake Road
Waldron, AR 72958
*(antiquesandcollectablesitis@outlook.com)*

Timothy Durham
5102 West Birmingham Place
Broken Arrow, OK 74011
*(timd@rampcommunications.com)*

                                                _____
                                                Travis Plummer

TP:sw

EXHIBIT A

This instrument was prepared by
Donald Goodner, Attorney at Law, Ltd.
P.O. Box 567, 207 Washington Street
Waldron, AR 72958

Recorded in Deed
Book 2018 Page 459
Filed on 02/14/2018 09:40 AM
Scott County, Ar
Barbara Whiteley, Circuit Clerk

## WARRANTY DEED

## KNOW ALL MEN BY THESE PRESENTS:

THAT I, **Paula Donise Strunk, a single person**, GRANTOR, for and in consideration of the sum of Ten Dollars ($10.00) and other considerations in hand paid by **Brian Dubuc and Jeffrey Myles McCaslin, as joint tenants with right of survivorship, and not as tenants in common**, GRANTEES, the receipt of which is hereby acknowledged, do hereby **GRANT, BARGAIN, SELL and CONVEY** unto the said GRANTEES and unto their heirs and assigns forever, the following lands lying in Scott County, Arkansas:

Part of the SE 1/4 SE 1/4 Section 16, Township 3 North, Range 29 West, described as follows:

Beginning at a point where the south line of the City Lake Road, also known as Waldron Lake Road, also known as County Road Number 87, crosses the west line of a road which runs in a southerly direction from said City Lake Road, and run thence south on the west line of said road a distance of 210 feet for a place of beginning; run thence west 210 feet, thence south 210 feet, thence east 210 feet more or less, to a point on the west line of said road, thence north on the west line of said road a distance of 210 feet, more or less, to the place of beginning.

Also an easement for roadway purposes as the same now exists across the west 15 feet of the following described property: Part of the SE1/4 SE1/4 Section 16, Township 3 North, Range 29 West, described as follows: Beginning at a point where the south line of the Waldron Lake Road, also known as the county road, crosses the west line of a road which runs in a southerly direction from said county road; run thence south along the west line of said road a distance of 210 feet, thence west 210 feet, thence north 210 feet, more or less, to a point on the south right of way of said county road, thence in an easterly direction along and with the south right of way of said county road a distance of 210 feet to the place of beginning.

Deed Book 2018
Page 460
02/14/2018  09:41 AM

**TO HAVE AND TO HOLD** the same unto the said GRANTEES and unto their heirs and assigns forever, with all appurtenances thereunto belonging.

And I hereby covenant with the said GRANTEES that I will forever warrant and defend the title to the said lands against all claims whatever.

WITNESS my hand on this 1st day of February, 2018.

*/s/ Paula Donise Strunk*
Paula Donise Strunk

## ACKNOWLEDGMENT

STATE OF ARKANSAS
COUNTY OF SCOTT

Now on this day, before me, a Notary Public, appeared the within named **Paula Donise Strunk, a single person**, to me personally well known, who stated and acknowledged that she had so signed, executed and delivered said foregoing instrument for the consideration, uses, and purposes therein mentioned and set forth.

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this 1st day of February, 2018.

My Commission Expires:

4-1-2025

/s/ Notary Public

**EXHIBIT B**

Recorded in Deed
Book 2021 Page 2447
Filed on 08/26/2021  11:34 AM
Scott County, Ar
Barbara Whiteley, Circuit Clerk

This instrument was prepared by
Donald Goodner, Attorney at Law, Ltd.
P.O. Box 567, 207 Washington Street
Waldron, AR 72958

# MEMORANDUM OF CONTRACT

This memorandum made on August 26, 2021, between **Ray E. Smith and Clara M. Smith, husband and wife**, hereinafter called the Seller, and **Timothy Edward Durham**, hereinafter called the Buyer.

WITNESS that the Seller and the Buyer have entered into a contract concerning the sale of the following described real property in Scott County, Arkansas:

Part of the E1/2 of the SE1/4 of section 16 T3N R29W of the fifth P.M. Scott County, Arkansas and more definitely described as follows:

Begin at the northeast corner of said E1/2 of the SE1/4 section 16 and run S 00 degrees 14 minutes 48 seconds W along forty line 586.8 Ft. to the south right of way of Waldron City Lake Road, Thence continue S 00 degrees 14 minutes 48 seconds W along forty line 210.0 Ft., Thence S 59 degrees 12 minutes 43 seconds W 137.0 Ft., Thence N 01 degrees 50 minutes 47 seconds E 208.71 Ft. to the south right of way of Waldron City Lake Rd., Thence along said right of way the following courses: S 49 degrees 59 minutes 00 seconds W 475.23 Ft., S 45 degrees 35 minutes 13 seconds W 132.0 Ft., S 34 degrees 12 minutes 52 seconds W 106.02 Ft., S 22 degrees 14 minutes 22 seconds W 173.61 Ft., S 21 degrees 00 minutes 39 seconds W 229.84 Ft., S 24 degrees 54 minutes 09 seconds W 127.74 Ft. to the west right of way of a dirt road, Thence along the west right of way of said dirt road the following courses: S 40 degrees 18 minutes 24 seconds E 53.14 Ft., S 23 degrees 54 minutes 24 seconds E 195.18 Ft., S 30 degrees 17 minutes 32 seconds E 88.61 Ft., S 28 degrees 09 minutes 57 seconds E 113.74 Ft., Thence S 21 degrees 21 minutes 24 seconds E 249.85 Ft. to the center of Poteau River, thence along the center of said river the following Courses: N 44 degrees 33 minutes 31 seconds E 372.35 Ft., N 51 degrees 19 minutes 33 seconds E 108.34 ft., S 83 degrees 17 minutes 08 seconds E 178.19 Ft. to the east forty line, Thence leaving river N 00 degrees 14 minutes 48 seconds E along forty

Deed Book 2021
Page 2448
08/26/2021 11:35 AM

line 1154.54 Ft. to point of beginning and containing 18.96 acres, more or less.

This transaction is subject to the various terms and conditions as stated in the said contract, which provides for the payment of sums of money by the Buyer to the Seller as stated therein. The contract further provides that a Warranty Deed will be delivered to the Buyer upon performance by the Buyer of all of the terms and conditions of the said contract. The said contract further provides that if the Buyer fails to perform as specified therein, the Seller shall have the absolute right to declare a forfeiture under the said contract.

The purpose of this memorandum is to place of record, notice of the existence of this contract, and for no other purpose.

_____          _____
Ray E. Smith                                          Clara M. Smith

_____
Timothy Edward Durham

## ACKNOWLEDGMENT

STATE OF ARKANSAS
COUNTY OF SCOTT

On this day, before me, a Notary Public, appeared the withing named **Ray E. Smith and Clara M. Smith, husband and wife**, to me personally well known, who stated and acknowledged that they had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth.

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and official seal on August 26, 2021.

My Commission Expires:

2-1-2023

_____
Notary Public

BARBARA WHITELEY
Notary Public - Arkansas
Scott County
Commission #12391980
My Commission Exp. 2/1/2023

Deed Book 2021
Page 2449
08/26/2021  11:35 AM

# ACKNOWLEDGMENT

STATE OF ARKANSAS
COUNTY OF SCOTT

On this day, before me, a Notary Public, appeared the withing named **Timothy Edward Durham**, to me personally well known, who stated and acknowledged that he had so signed, executed and delivered said foregoing instrument for the consideration, uses and purposes therein mentioned and set forth.

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and official seal on August 26, 2021.

My Commission Expires:

2-1-2023

F:\DON\ray.smith.contract

Notary Public

BARBARA WHITELEY
Notary Public - Arkansas
Scott County
Commission #12391980
My Commission Exp. 2/1/2023



Scott County, Ar
I certify this instrument was filed
on 08/26/2021  11:35 AM
and recorded in the Deed
Book 2021 Page 2447 - 2449
Barbara Whiteley, Circuit Clerk
By: _____ D.C.

**EXHIBIT C**

# WARRANTY DEED FILED



**KNOW ALL MEN BY THESE PRESENTS:**

THAT we, __Oliver E. Null and Ruby Null, husband and wife__ _____, GRANTORS,

for and in consideration of the sum of Ten Dollars ($10.00) and other considerations in hand paid

by __David Taff__ _____

_____, GRANTEE____, the receipt of which is hereby acknowledged, hereby GRANT, BARGAIN, SELL and CONVEY unto the said GRANTEE____, and unto __his__ heirs and assigns forever, the following lands lying in Scott County, Arkansas:

Part of the SE¼ SE¼ Section 16, Township 3 North, Range 29 West, described as follows: Beginning at a point where the south line of the Waldron-Lake Road, also known as the County Road, crosses the west line of a road which runs in a southerly direction from the said County Road, and run thence south on the west line of said road a distance of 525 feet for a place of beginning; run thence west 210.0 feet, thence north 105.0 feet, thence west 210.0 feet, thence north 210.0 feet, thence west 25.0 feet, thence south 405.0 feet to a point on the south line of said forty, thence east on the south line of said forty a distance of 50.0 feet to a point in the center of Poteau River, thence in a northerly direction and thence in an easterly direction along and with the center of said river to a point where the same crosses the westerly right of way of the above mentioned road leading south from the Waldron-Lake Road, thence north on said westerly right of way a distance of 105 feet, more or less, to the place of beginning. Containing 2.50 acres, more or less.

Also conveyed herein is an easement for roadway purposes over the existing dirt road leading from the Waldron-Lake Road, also known as the County Road, to Poteau River, said easement being 12 feet wide and 560 feet long.



0526337



TO HAVE AND TO HOLD the same unto the said GRANTEE____ and unto __his__ heirs and assigns forever, with all appurtenances thereunto belonging.

And we hereby covenant with the said GRANTEE____ that we will forever warrant and defend the title to the said lands against all claims whatever.

WITNESS our hands this __8th__ day of __July__, 19__85__.

_____   _____
Oliver E. Null                      Ruby Null

## ACKNOWLEDGEMENT

STATE OF __ARKANSAS__

COUNTY OF __SCOTT__

On this day personally appeared before me, the undersigned officer within and for the County and State aforesaid, duly qualified, commissioned and acting, __Oliver E. Null and Ruby Null, husband and wife,__ , to me well known as the Grantor __s__ in the foregoing Deed, and stated that __they__ had executed the same for the consideration and purposes therein mentioned and set forth.

WITNESS my hand and official seal on this _____ day of __July__ 19__85__.

My Commission Expires:

_____
Notary Public

This instrument was prepared by Donald Goodner, Attorney at Law, Ltd., 35 West Third Street, P.O. Box 567, Waldron, Arkansas 72958  sg.  From Description furnished by David Taff.

## CERTIFICATE OF RECORD

STATE OF ARKANSAS

COUNTY OF _____

I, the undersigned Circuit Clerk and Ex-Officio Recorder for __Scott__ County, Arkansas, hereby certify that the foregoing instrument was filed for record on the __11th__ day of __July__, 19__85__ at __11:45__ o'clock __A__ M., and is now duly recorded in Book __205__ at page __136__.

Witness my hand and official seal this __11th__ day of __July__, 19__85__.

_Evelyn Ammons_
Clerk and Recorder

By _Martha E. Hankins_
Deputy





**LEGAL DESCRIPTION:**

A part of the E1/2 of the SE1/4 of section 16 T3N R29W of the fifth P.M. Scott County, Arkansas and more definitely described as follows:
Begin at the northeast corner of said E1/2 of the SE1/4 section 16 and run S00°14'48"W along forty line 586.8 Ft. to the south right of way of Waldron City Lake Road, Thence continue S00°14'48"W along forty line 210.0 Ft., Thence S59°12'43"W 137.0 Ft., Thence N01°50'47"E 208.71 Ft. to the south right of way of Waldron City Lake Rd., Thence along said right of way the following courses: S49°59'00"W 475.23 Ft., S45°35'13"W 132.0 Ft., S34°12'52"W 106.02 Ft., S22°14'22"W 173.61 Ft., S21°00'39"W 229.84 Ft., S24°54'09"W 127.74 Ft. to the west right of way of a dirt road, Thence along the west right of way of said dirt road the following courses: S40°18'24"E 53.14 Ft., S23°54'24"E 195.18 Ft., S30°17'32"E 88.61 Ft., S28°09'57"E 113.74 Ft., Thence S21°21'24"E 249.85 Ft. to the center of Poteau River, thence along the center of said river the following courses: N44°33'31'E 372.35 Ft., N51°19'33"E 108.34 Ft., S83°17'08"E 178.19 Ft. to the east forty line, Thence leaving rive N00°14'48"E along forty line 1154.54 Ft. to point of beginning containing 18.96 acres more or less and subject to any easements or right of ways of record.

JOE PICKENS SURVEYING, INC.
PLS NO. 712 AR
P.O. BOX 32
HARVEY, ARKANSAS 72841

**LEGEND**
- Existing pin
- Set iron pin

Bearings are assumed

Scale 1" = 200.0 Ft.



J13